```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
WELLS FARGO BANK, N.A., as Trustee
for the Certificate Holders of the
Soundview Home Loan
2007-OPT-1 Asset Backed
Certificates Trust,

                Plaintiff,                        REMAND ORDER
                                                  24-CV-7775(EK)(LB)

        - against -

WILLIAM CARRINGTON,

                Defendant.
-------------------------------------x
```

ERIC R. KOMITEE, United States District Judge:

On November 7, 2024, defendant William Carrington filed a notice to remove this foreclosure action from the Supreme Court of the State of New York, Kings County. Notice of Removal, ECF No. 1. At that point, the foreclosure action had been pending for more than fifteen years; trial is now approaching. Carrington has also now asked this Court to enjoin the state court proceedings, *see* Mot. for TRO, ECF No. 3, and moved to consolidate this action with *Carrington v. PHH Mortgage Corporation et al.*, among other things. Mot. to Consolidate, ECF No. 7 (Dkt. No. 24-cv-7575); Pet. for Mandamus, ECF No. 1-3. The plaintiff has not yet moved for remand.

For the reasons set forth below, this action is remanded to the Kings County Supreme Court. Carrington's

requests for emergency injunctive relief and consolidation are denied.

## I.  Background

The following facts are taken from the Notice of Removal and the state court documents Carrington attached thereto.  *See In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (authorizing judicial notice of documents filed in other courts, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

The state foreclosure action is proceeding under Index No. 11234-2009.  ECF No. 1.  The state docket reflects that he was served on or about May 15, 2009, as well as his appearance and substantial participation in the action since then.[1]

Carrington asserts three bases for removal: (1) because "the [state] Complaint raises federal questions arising

---

[1] *See* Docket, *Wells Fargo Bank N.A. v. Carrington* (N.Y. Sup. Ct., Kings Cnty. Index No. 11234/2009), accessible at: https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=Ock23W2TgXvwCftGZ3mVBw==&system=prod (last visited Nov. 17, 2024).  The docket lists two dates for each entry, a "filed" date and a "RecRoom" date.  For service, these dates are May 15, 2009 and June 5, 2009, respectively.  Carrington also attached his answer to the Notice of Removal, which is dated June 29, 2009.  *See* Exhibits at 141, ECF No. 1-2.

under the Fair Debt Collection Practices Act ('FDCPA') [and the] Racketeer Influenced and Corrupt Organizations Act ('RICO')"; (2) because this Court has diversity jurisdiction; and (3) because the state action is "related" to claims pending before this Court in *Carrington v. PHH Mortgage Corporation et al.*, No. 24-cv-7575 (EK).  ECF No. 1 at 2-3.  As set forth below, none of these assertions forms a valid basis for removal.

## II.  Discussion

Generally speaking, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court."[2]  *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.* 30 F.3d 298, 301 (2d Cir. 1994).

*Sua sponte* remand is proper when a district court finds that it does not possess subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

127, 131 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)).

## A. Carrington Has Not Properly Invoked the Court's Federal Question Jurisdiction

Under 28 U.S.C. § 1441(b), courts have original jurisdiction over claims "arising" under federal law.  And under "the well-pleaded complaint rule, a defendant generally may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law."  *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017).  Carrington's intent to assert a defense grounded in federal law, or a counterclaim predicated thereon, cannot justify removal.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").[3]

Here, the complaint in the state action asserted no federal claim.  *See* Exhibits at 71-85, ECF No. 1-2. Accordingly, removal on the basis of a federal question is not a viable option.

---

[3] There are a few "tightly circumscribed" exceptions to the well-pleaded complaint rule: "(1) if Congress expressly provides, by statute, for removal of state[-]law claims; (2) if the state-law claims are completely preempted by federal law; and (3) in certain cases if the vindication of a state-law right necessarily turns on a question of federal law." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 133 (2d Cir. 2023).  Carrington has not satisfied any of these exceptions.

4

## B. Diversity Jurisdiction Does Not Support Removal

Carrington's appeal to the Court's diversity jurisdiction is also unavailing. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, *and no defendant is a citizen of the forum State*." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The latter requirement is known as the "forum defendant" rule, which dictates that a civil action may not be removed based on diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Here, Carrington alleges that he resides in New York. ECF No 1 at 2. Thus, the forum defendant rule precludes removal to this Court.

## C. Supplemental Jurisdiction Does Not Support Removal

Finally, Carrington argues that the state foreclosure action is "related to" the RICO, FDCPA and fraud claims asserted in his recently filed action before this Court, *Carrington v. PHH Mortgage Corporation et al.*, No. 24-cv-7575. *See* ECF No. 1 at 3.

Generally, "a federal court may exercise ancillary jurisdiction (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually

interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996). Supplemental jurisdiction, however, "cannot provide the original jurisdiction that [defendant] must show in order to qualify for removal." *Syngenta Crop Prot. v. Henson*, 537 U.S. 28, 34 (2002). This is true "even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." *Port Auth. of New York & New Jersey v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006). Thus, the existing federal case does not support removal of the foreclosure action.

**D.   Removal is Untimely**

Finally, even if there were no jurisdictional defects with Carrington's removal effort, removal is untimely and thus barred. A district court may *sua sponte* remand on procedural grounds within thirty days of the filing of the notice of removal. *See Mitskovski,* 435 F.3d at 131. These procedural grounds include untimeliness. *See JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 75 (2d Cir. 2019). To be timely, the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a

6

copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1).

Here, the Notice of Removal was not filed within (or anywhere close to) thirty days. Carrington acknowledges as much. *See* ECF No. 1 at 3. The state court action was initiated on or about May 7, 2009; Carrington was served on or about May 15, 2009; and he participated in the action as early as June 29, 2009. *See* Docket, *Wells Fargo Bank N.A. v. Carrington* (N.Y. Sup. Ct., Kings Cnty. Index No. 11234/2009); ECF No. 1-2 at 141. "Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition." *Levchenko v. Chase Bank USA, N.A.,* No. 10-CV-4268, 2011 WL 1099851, at *1 (E.D.N.Y. Mar. 24, 2011).[4]

### VI. Conclusion

For the foregoing reasons, the Kings County foreclosure proceeding under Index No. 11234-2009 is hereby remanded to the Supreme Court of the State of New York, Kings County. Carrington's proposed motions for a temporary restraining order, mandamus, and consolidation are denied as moot.

The Clerk of Court is respectfully directed to close the case in this Court and send a certified copy of this Order

---

[4] Carrington suggests that filing case No. 24-cv-7575 in this district, which asserts federal claims, restarted the thirty-day removal clock. *See* ECF No. 1 at 3. This suggestion is presented with no legal support.

7

to William Carrington and to the Clerk of the Kings County Supreme Court.

SO ORDERED.

_____
ERIC R. KOMITEE
United States District Judge

Dated:   November 21, 2024
         Brooklyn, New York